IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARTHUR ROBINSON, No. 13944-424,

    Petitioner,

vs.

Case No. 17–cv–1083-DRH

T.G. WERLICH,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Arthur Robinson, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Relying on the case of *Mathis v. United States*, ––– U.S. –––, 136 S. Ct. 2243 (2016) and related case law, he challenges his enhanced sentence as a career offender based on two prior controlled substance offenses in Illinois. (Doc. 1, pp. 5-6) (the first offense was for possession of a controlled substance with intent to deliver, Case No. 95-cr-28681 in Cook county and the second offense was for possession of a controlled substance with intent to deliver, Case No. 95-cr-23196, Cook County).[1] This case is now before the Court

---

[1] In denying Petitioner's successive motion to have his sentence vacated pursuant to 28 U.S.C. § 2255, the Northern District of Illinois provided the following information pertaining to Petitioner's sentencing in the underlying criminal case:

> On November 27, 2001, a grand jury returned a four-count indictment against Robinson and co-defendant Jermaine Weeden for knowingly and intentionally possessing with intent to distribute quantities of mixtures containing cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). (*United States v. Robinson*, 01 CR

1

for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record and the still-developing application of *Mathis*, it is not plainly apparent that Petitioner is not entitled to habeas relief.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer or otherwise plead within thirty days of the date this Order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St.

---

907 (N.D. Ill.), Indictment, Dkt. # 7.) In total, the four-count indictment alleges that Robinson possessed 52.89 grams of crack. (*Id.*)

On April 18, 2002, Robinson entered into a plea agreement with the government in which he pleaded guilty solely to count four, which charged him with possessing with intent to distribute approximately 10.8 grams of crack. (*Id.*, Plea Agreement, Dkt. # 19 at 2-4.) Though Robinson did not plead guilty to the three other counts, he admitted the facts establishing his guilt of those charges as relevant conduct for the purpose of computing his sentence under the Sentencing Guidelines. (*Id.* at 4.)

Consistent with the evidence and his admissions in the plea agreement, Robinson and the government agreed to a base offense level ("BOL") of 32 because the total amount of crack for which he was responsible was greater than 50 but less than 150 grams. (*Id.* at 7.) The parties also agreed to adjust the BOL based on a variety of factors, including Robinson's status as a career offender. (*Id.* at 7-10.) Ultimately, his adjusted base offense level ("ABOL") was determined to be 34 and his criminal history category was set at IV. (*Id.* at 7-8, 10.) On October 21, 2002, Robinson was sentenced by this Court to a term of imprisonment of 262 months, a term of supervised release of five years and a statutory assessment of $100.00. (*Id.*, 10/21/02 Sentencing Order, Dkt. # 24.)

*United States of Am., v. Arthur Robinson,* No. 16 C 4421, 2017 WL 2573226, at *1 (N.D. Ill. June 14, 2017).

Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.17 16:05:20 -05'00'

**United States District Judge**