IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR ROBINSON, # 13944-424, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17-cv-1083-NJR |
| ) | |
| T.G. WERLICH, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Arthur Robinson filed his *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 while he was an inmate at the FCI-Greenville. (Doc. 1). He argued that his 262-month sentence was improperly enhanced in light of *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016).

A review of the online docket in Robinson's criminal case reveals that he was released from federal custody on February 12, 2019, under an agreed order reducing his sentence to time served, pursuant to Section 404 of the First Step Act of 2018.[1] *United States v. Robinson*, Case No. 01-cr-907 (N.D. Ill., Docs. 154, 155). Accordingly, Robinson's habeas Petition seeking a reduced sentence is now moot.

**IT IS THEREFORE ORDERED** that Arthur Robinson's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice as moot.

---

[1] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) and the Bureau of Prisons website (www.bop.gov/inmateloc/) to ascertain Robinson's custody status. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

1

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Robinson wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Robinson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Robinson does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Robinson to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: May 21, 2020**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**